UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24505-CIV-MARRA

In re

FABRIZIO DULCETTI NEVES

     Debtor.

_____/

FABRIZIO DULCETTI NEVES,

     Appellant,

v.

MARKWOOD INVESTMENTS LTD.,
and GOLDEN DAWN CORPORATION,

     Appellees.

_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court on interlocutory appeal by Appellant Frabrizio Dulcetti

Neves ("Neves/Appellant") of the Order Denying Motion to Dismiss and the accompanying

Opinion of Bankruptcy Judge Laural M. Isicoff, entered on May 16, 2011.  The Court has

carefully considered the briefs of Appellant and Appellees Markwood Investments, Ltd.

("Markwood") and Golden Dawn Corporation ("Golden Dawn") (collectively referred to as

"Appellees") and is otherwise fully advised in the premises.

**I.  Background**

On February 13, 2008, Markwood and Golden Dawn filed suit against Neves in the

Southern District of Florida seeking judgment against Neves on multiple promissory notes.[1]

Golden Dawn Corporation v. Neves *et al.*, Case No. 1:08-CV-20381-JJO ("District Court Case"),

DE 1 (Original Complaint) and DE 40 (Amended Complaint).  In June 2009, final judgment was

entered against Neves on two of the five counts at issue in that matter.  See District Court Case at

DEs 87 (June 1, 2009), 96 (June 8, 2009).  On October 23, 2009, Neves filed a voluntary petition

for relief under Chapter 7 of the Bankruptcy Code.  In re Fabrizio Dulcetti Neves, Case No. 09-

33043-BKC-LMI ("Bankruptcy Case") DE 1.  On January 25, 2010, Markwood and Golden

Dawn initiated the underlying adversary proceeding at issue, filing a complaint to determine the

dischargeability of the debts at issue in the District Court Case pursuant to 11 U.S.C. § 523 and

objecting to discharge of the debts pursuant to 11 U.S.C. § 727.  Markwood Investments, *et al.* v.

Fabrizio Dulcetti Neves, Case No. 10-02122-BKC-LMI ("Adversary Proceeding"), DE 1.

On February 2, 2010, Neves' wife filed a Motion for Leave to Intervene and to Vacate

Defaults, Vacate Final Judgments and to Dismiss for Lack of Subject Matter Jurisdiction.

District Court Case at DE 249.  Through that Motion it was revealed, for the first time in the

District Court Case, that Neves was not a United States citizen and that as a result, the District

Court lacked subject matter jurisdiction and so the case should be dismissed.  See id. at 12-16.

Although Markwood and Golden Dawn asserted that the failure of Neves to raise the issue of

subject matter jurisdiction earlier in the proceedings was "an improper use of the judicial

process," they nonetheless consented to the dismissal of the case.  Id. at DE 258.  Accordingly,

on March 15, 2010, the District Court case was dismissed for lack of subject matter jurisdiction.

---

[1] The Complaint had additional counts against a separate defendant, Acosta Realty
Holdings, LLC.

Id. at DE 259.

Neves filed his First Motion to Dismiss the First Amended Complaint in the Adversary

Proceeding on August 10, 2010.  Adversary Proceeding at DE 96.  On October 22, 2010, the

Bankruptcy Court dismissed the First Amended Complaint because it was a "shotgun pleading"

as defined by the Eleventh Circuit Court of Appeals, but gave Markwood and Golden Dawn

leave to file a Second Amended Complaint.  Id. at DE 138.  In Neves' Second Motion to

Dismiss, filed November 24, 2010, he alleged that the bankruptcy court lacked jurisdiction to

enter a money judgment in a section 523 proceeding.  Id. at DE 172.  Before the Court could rule

on the Second Motion to Dismiss, Neves filed a voluntary waiver of discharge of the relevant

debts in the main bankruptcy case on December 16, 2010.  Bankruptcy Case at DE 324.  At a

January 27, 2011, hearing the bankruptcy court stated that it "regularly rule[s] that in

dischargeability actions [it has] jurisdiction to enter a judgment amount," Id. at DE 245, p. 5, and

subsequently denied the Second Motion to Dismiss on March 4, 2011.  Adversary Proceeding at

DE 265.

The underlying motion presently on review before this Court is Neves' Third Motion to

Dismiss, filed on March 7, 2011.  Id. at DE 267.  In that Motion, Neves asserted that the

bankruptcy court did not have subject matter jurisdiction to enter a money judgment because his

waiver of discharge removed the underlying jurisdiction of the court pursuant to 11 U.S.C. § 523.

Id. at 3-7.  The Third Motion also claimed that the bankruptcy court was required to refrain from

entering a money judgment under the doctrine of mandatory abstention.  Id. at 8-9.  At an April

27, 2011, hearing, the Bankruptcy Court denied Neves' Third Motion to Dismiss.  Id. at DE 331.

The bankruptcy court rejected Neves' suggestion that the court lacked jurisdiction to enter a

money judgment in a dischargeability proceeding by relying on In re: Korfonta, 2010 WL 4259396 (E.D. Va. 2010).  Id. at 42.  The Court also rejected the suggestion that Neves' waiver of dischargeability removed subject matter jurisdiction from the court by relying on the rationale articulated in Porges v. Gruntal & Company, Inc., 44 F.3d 159 (2nd Cir. 1995), and the adoption of a similar rationale by the Eleventh Circuit Court of Appeals in FDIC v. Morris, 950 F.2d 1531 (1992).  Id. at 34-43.  Based on the legal conclusions provided at the April 27th hearing, on May 16, 2011, the bankruptcy court denied Neves' Third Motion to Dismiss.  Id. at DE 338.

On May 18, 2011, Neves filed a motion seeking leave to appeal that May 16th Order Denying his Third Motion to Dismiss.  Case No. 11-MC-22455, DE 1.  That motion, transmitted to this Court on July 8, 2011, was granted on November 9, 2011.  Id., DE 6.  The Court exercised its discretion to grant Neves' motion for leave to appeal "In light of the United States Supreme Court's recent decision in [Stern v. Marshall, 131 S.Ct. 2594 (2011).]" Id. at 4.

## II.  Legal Standard

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*.  In re Globe Manufacturing Corp., 567 F.3d 1291, 1296 (11th Cir. 2009); In re Club Assoc., 951 F.2d 1223, 1228-29 (11th Cir. 1992).

## III.  Discussion

Neves raises two issues on appeal: (1) whether a bankruptcy court has jurisdiction to enter a money judgment in a dischargeability proceeding; and (2) whether a debtor's filing of a waiver of dischargeability should result in a bankruptcy court dismissing a dischargeability proceeding for lack of subject matter jurisdiction.  The Court will address each issue independently.

Preliminarily, the Court notes that <u>Stern</u> is inapplicable to the facts presently before the

Court.  <u>Stern</u> involved a tortious interference counterclaim, which arose under state common law,

that the bankruptcy court determined to be a "core proceeding" as defined by § 157(b)(2)(C).

<u>Stern</u>, 131 S.Ct. at 2611.  The Supreme Court ultimately held:

> Article III of the Constitution provides that the judicial power of the United States
> may be vested only in courts whose judges enjoy the protections set forth in that
> Article.  We conclude today that Congress, in one isolated respect, exceeded that
> limitation in the Bankruptcy Act of 1984.  <u>The Bankruptcy Court below lacked the
> constitutional authority to enter a final judgment on a state law counterclaim that
> is not resolved in the process of ruling on a creditor's proof of claim</u>.
> Accordingly, the judgment of the Court of Appeals is affirmed.

<u>Id.</u> at 2620 (emphasis supplied).  The Supreme Court also made clear that it did not intend its

decision in <u>Stern</u> to have broad implications:

> As described above, the current bankruptcy system also requires the district court
> to review de novo and enter final judgment on any matters that are "related to" the
> bankruptcy proceedings, § 157(c)(1), and permits the district court to withdraw
> from the bankruptcy court any referred case, proceeding, or part thereof, § 157(d).
> Pierce has not argued that the bankruptcy courts "are barred from 'hearing' all
> counterclaims" or proposing findings of fact and conclusions of law on those
> matters, but rather that it must be the district court that "finally decide[s]" them.
> We do not think the removal of counterclaims such as Vickie's from core
> bankruptcy jurisdiction meaningfully changes the division of labor in the current
> statute; <u>we agree with the United States that the question presented here is a
> "narrow" one</u>.

<u>Id.</u> at 2602 (emphasis supplied).

<u>Stern</u> therefore involved a matter where the bankruptcy court <u>never</u> had the constitutional

authority to enter final judgment.  Here, however, the parties do not dispute that the bankruptcy

court had the constitutional authority to enter a money judgment.  Although the parties dispute

whether the bankruptcy court retained jurisdiction after Neves' waiver of dischargeability, the

underlying jurisdiction of the bankruptcy court was never at issue.  In light of the Supreme

Court's explicit statement that Stern is meant to be a narrow decision, the Court concludes that

Stern is not applicable to the question of whether a bankruptcy court retains jurisdiction over a

matter in which it unquestionably had jurisdiction.

With regard to the two arguments raised on appeal, the Court first concludes that

bankruptcy courts have authority to enter a money judgment in dischargeability proceedings.

Although the Eleventh Circuit Court of Appeals has yet to decide this issue, all the other federal

circuits that have addressed this issue have held that bankruptcy courts do have the statutory

authority to enter a money judgment against a debtor on a non-dischargeable debt. See, e.g., In re

Ungar, 633 F.3d 675, 680 (8th Cir. 2011); In re Ribesell, 586 F.3d 782, 793 (10th Cir. 2009); In re

Morrison, 555 F.3d 473, 479 (5th Cir. 2009); In re Sasson, 424 F.3d 864, 874 (9th Cir. 2008).

Neves does not provide any authority to the contrary, instead arguing that those cases are not

binding on this court and urging this Court to independently consider the issue. Although the

Court is certainly not bound by the other federal circuit court of appeals, the Court does find each

of those decisions to be persuasive and agrees with the rationale articulated in those decisions.

Further, for the reasons outlined above, the Court rejects Neves' contention that Stern

undermines the federal circuit court decisions that provide that bankruptcy courts do have the

authority to enter a money judgment in dischargeability proceedings. Accordingly, the Court

rejects Neves's first challenge to the bankruptcy court's order.

Finally, the Court rejects Neves's argument that his waiver of dischargeability

automatically stripped the bankruptcy court of subject matter jurisdiction. The bankruptcy court

properly relied on In re: Morris, 950 F.2d 1531, 1534 (11th Cir. 1992), which held that "the

dismissal of an underlying bankruptcy case does not **automatically** strip a federal court of

6

jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement." (Emphasis supplied.) As discussed above, a dischargeability proceeding brought under section 523 authorizes the court to both: (1) determine if the debt in question is dischargeable; and (2) if such debt is not, to enter a money judgment against the debtor. If a court is able to retain jurisdiction over an adversary proceeding "related to" the bankruptcy case after dismissal of the bankruptcy proceeding, it follows that a bankruptcy court has continuing jurisdiction to enter a money judgment in an adversary proceeding of an ongoing bankruptcy case where the debtor has waived dischargeability.

Although this Court concludes that Morris provides that a waiver of dischargeability does not **automatically** strip the bankruptcy court of subject matter jurisdiction, the Morris court did recognize that the retention of jurisdiction is the exception not the rule. Id. at 1534. For the bankruptcy court to retain jurisdiction over a proceeding, the Eleventh Circuit has adopted the following three factors: (1) judicial economy, (2) fairness and convenience to the litigants, and (3) the degree of difficulty of the related legal issues involved. Id. at 1535 (citing In re Smith, 866 F.2d 576, 580 (3rd Cir. 1989)). A district court's review of a bankruptcy court's decision to retain jurisdiction is reviewed under an abuse of discretion standard. Id. at 1534.

Here, the bankruptcy court reviewed four factors outlined in the Second Circuit's Porges decision: (1) judicial economy; (2) convenience to the parties; (3) fairness; and (4) comity. April 27, 2011, Order at 38. Although the bankruptcy court did not take into consideration "the degree of difficulty of the related legal issues involved," the court did thoroughly analyze the factors of judicial economy and convenience to the parties to reach its decision to retain jurisdiction. Id. at 38-40. The Court has independently reviewed the transcript and finds that ample evidence exists

to support a retention of jurisdiction over the underlying matter under the test articulated in

Porges as well as  Morris.[2]  Accordingly, this Court concludes that the bankruptcy court's

retention of jurisdiction was not an abuse of discretion.

### IV.  Conclusion

For the aforementioned reasons, the Order Denying Motion to Dismiss is **AFFIRMED**.

This case is **CLOSED**.  All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 17th day of May, 2012.

_____
KENNETH A.  MARRA
United States District Judge

---

[2] Appellant did not challenge the bankruptcy court's utilization of the four factors articulated in Porges, so the Court finds that any such argument is waived.  Sepulveda v. United States Attorney General, 401 F.3d 1226, 1228 n.2 (11th Cir. 2002); United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998).